## Sternberg, Appellant, *v.* Tradesmens National Bank.

*Actions—Time—Statute of limitations.*

Where an action is not brought until twenty years after the cause therefor is averred to have arisen, and the defendant pleads the statute of limitations, the burden is upon the plaintiff to produce evidence, from which a jury can be permitted to find a promise within six years.

In default of such evidence it was proper to give binding instructions in favor of the defendant.

Argued October 5, 1922. Appeal, No. 55, Oct. T., 1921, by plaintiff, from judgment of Municipal Court of Philadelphia, May T., 1921, No. 823, directing a verdict in favor of defendant in case of Benjamin W. Sternberg, v. Tradesmens National Bank. Before PORTER, HENDERSON, TREXLER, LINN AND GAWTHROP, JJ. Affirmed.

Assumpsit for balance due on foreign draft. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of defendant. Plaintiff appealed.

*Benjamin W. Sternberg,* appeared in propria persona.

No appearance and no printed brief for appellee.

OPINION BY PORTER, J., July 12, 1923:

This action was brought on May 27, 1921. The plaintiff averred in his statement that, on March 26, A. D.

1901, he had applied to the defendant for a "draft for 1650 kr. Austrian currency, on the Boden Credit-Anstalt Czernowitz, for which he paid $345.33, but the defendant delivered to him a draft for 500 kronen, instead of one for 1650 kronen, to which he was entitled." He asserts the right to recover $240.71, the difference in American money, between the value of the draft which he received and that to which he was entitled, with interest. The statement averred that the plaintiff promptly wrote the defendant demanding a draft for the difference between the amount of the draft which defendant had given him and the amount of that which he had paid for and was entitled to receive. The defendant filed an affidavit of defense denying all the allegations of the statement, averring that the transaction alleged in the statement had never occurred and setting up the additional defense that the claim was barred by the statute of limitations. Upon the trial of the case the court gave binding instructions in favor of the defendant and the plaintiff appeals.

The action was not brought until twenty years after the cause therefor is averred to have arisen and, the defendant having pleaded the statute of limitations, the burden was upon the plaintiff to produce evidence from which a jury could be permitted to find a promise within six years. The appellant has not printed in his paperbook a single assignment of error, nor has he printed a line of testimony. We cannot, in the absence of any knowledge of the testimony, convict the court of error in giving binding instructions in favor of the defendant.

The judgment is affirmed.